FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  OCT 06 2014  ★

LONG ISLAND OFFICE

------------------------------------------------------------X

WALTER ANDERSON,

                            Petitioner,

            -against-

THE ATTORNEY GENERAL OF THE STATE
OF NEW YORK,[1]

                            Respondent.

------------------------------------------------------------X

**OPINION AND ORDER**
**11-CV-2349 (SJF)**

FEUERSTEIN, District Judge:

Before the Court is Walter Anderson's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The petition is **DENIED** and the case is dismissed with prejudice.

## I.    Background

On October 23, 2006, a Suffolk County, New York grand jury issued an indictment charging petitioner with: (1) two (2) counts of criminal possession of a weapon in the third degree under New York State Penal Law § 265.02; (2) one (1) count of aggravated unlicensed operation of a motor vehicle in the second degree under New York Vehicle and Traffic Law ("VTL") § 511.2A; (3) failure to signal when turning pursuant to VTL § 1163(c); and (4) failure to use headlights while operating windshield wipers pursuant to VTL § 375.02.[3] On March 27,

---

[1] According to the government, the proper defendant in this case is Vincent F. DeMarco, Sheriff of the Suffolk County Correctional Facility and not the Attorney General of the State of New York. Aff. in Opp. p. 1 n.1.

[2] By Order dated August 5, 2013, this petition was consolidated with a subsequent petition challenging the same State court conviction. *See* DE 15.

[3] The background facts are taken from the government's affirmation in opposition (DE 5).

2007,[4] petitioner pleaded guilty to one count of attempted criminal possession of a weapon in the third degree, in violation of Penal Law § 265.02(4), a class "E" felony, in satisfaction of all pending charges. Aff. in Opp. ¶ 4; Exh. 2 p. 4. During petitioner's plea allocution, he stated that the weapon belonged to him and was operable. Aff. in Opp. ¶ 4, Exh. 2 pp. 7-8. On September 18, 2007, the state court imposed a sentence of three (3) years imprisonment with five (5) years post-release supervision. Aff. in Opp. ¶ 5. Prior to the imposition of sentence, the government filed a Prior Felony Offender ("PFO") statement with the court pursuant to New York Criminal Procedure Law § 400.21, to which petitioner did not object. *Id.*

On August 2, 2010, petitioner moved to set aside his sentence on the ground that it was illegally imposed. *Id.* at ¶ 6. The government, apparently unaware that petitioner was sentenced as a PFO, did not oppose the motion. *Id.* The state court modified petitioner's sentence on November 3, 2010, vacating the five (5) year term of post-release supervision and imposing a new period of supervision. *Id.* However, on December 15, 2010, the government apparently filed a motion to renew and reargue the period of post-release supervision. *Id.* at ¶ 7. On January 26, 2011, petitioner withdrew his motion to set aside his sentence and the court confirmed the original sentence. *Id.* at ¶ 8.

Petitioner's petition pursuant to 28 U.S.C. § 2254, alleges that: (1) he did not own the weapon found in his home; (2) the weapon was inoperable and was not a weapon as a matter of law; (3) he was never sentenced as a "multiple felony offender"; (4) he pleaded guilty to an "E" class violent felony which is a lesser charge; and (5) he was given five (5) years post-release

---

[4] The government's affirmation in opposition states that petitioner pleaded guilty on March 9, 2007. Aff. in Opp ¶ 4. However, the plea transcript is dated March 27, 2007 (DE 5-3) and, at paragraph 17, the government uses the 27th as the date of petitioner's guilty plea.

supervision instead of three (3), which is the maximum allowed by law.

**II.    Discussion**

**A.    Legal Standard for a Writ of Habeas Corpus by a Person in State Custody**

"In reviewing a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, a federal district court makes an independent determination as to whether the petitioner is in custody in violation of his rights under the Constitution, or any laws and treaties of the United States." *McCool v. New York State*, 29 F. Supp. 2d 151, 157 (W.D.N.Y. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254(a) provides that a "district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A federal court may grant a writ of habeas corpus to a State prisoner where the federal claim was "adjudicated on the merits" in state court if adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[5]

---

[5]    "This standard of review, as opposed to the standard existing prior to the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, is more deferential to state court decisions." *Garry v. Greiner*, No. 01 Civ. 0848, 2003 WL 21436217, at *2 (S.D.N.Y. June 19, 2003).

28 U.S.C. § 2254(d).

"An 'adjudication on the merits' is a "substantive, rather than a procedural, resolution of a federal claim.' " *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)). A "state court 'adjudicate[s]' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Id.* (quoting 28 U.S.C. § 2254(d)(1)). "When a state court does so, a federal habeas court must defer in the manner prescribed by 28 U.S.C. § 2254(d)(1) to the state court's decision on the federal claim—even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." *Id.*

## B.    Petitioner's Application for a Writ of Habeas Corpus

The first preprinted form used by petitioner to file his application for a writ of habeas corpus, case number 11-CV-2349, states that he did not file a direct appeal or seek review by a higher court. DE 1 p. 2. The preprinted form for the consolidated case, 11-CV-3306, states that: (1) petitioner appealed his judgment of conviction to the Riverhead County Court; (2) in January 2011, the "case was closed due to pending case"; and (3) petitioner did not seek review from a higher state court. DE 1 p. 2.

A federal court may not review an application for a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement . . . is satisfied if the petitioner 'fairly presented' the federal constitutional claim to the highest state court." *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 124 (2d Cir. 1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "A federal

-4-

court may, however, waive the exhaustion requirement if 'there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.' " *Knapp v. Kelly*, 661 F. Supp. 541, 542 (E.D.N.Y. 1987) (quoting 28 U.S.C. § 2254(b)(1)(i) and (ii)).

Petitioner did not directly appeal his judgment of conviction to New York's Appellate Division and, consequently, neither that court, nor the Court of Appeals, has had the opportunity to consider petitioner's claims in the first instance. In addition, the State provides corrective process and petitioner does not allege any circumstances which rendered such process ineffective to protect his rights.

Furthermore, it is well established that "when a state prisoner has failed to raise his federal constitutional claim in the state courts in accordance with state procedural rules . . . there has been a procedural default that bars federal habeas review unless the petitioner shows both cause for the noncompliance and prejudice resulting from the alleged constitutional violation." *Roman v. Abrams*, 822 F.2d 214, 222 (2d Cir. 1987) (citing cases). Petitioner offers no reason for the failure to exhaust his claims. In addition, petitioner cannot demonstrate prejudice because: (1) the weapon was found in his car, not his home; (2) petitioner stipulated that the weapon was operable during his plea allocution; (3) he was sentenced as a prior felony offender; (4) it is undisputed that petitioner pleaded guilty to an "E" class felony; and (5) on January 26, 2011, petitioner withdrew his State court motion to set aside his sentence. Accordingly, petitioner's application for a writ of habeas corpus is dismissed with prejudice for failure to exhaust and because the claims are procedurally defaulted.

**III.** **Conclusion**

Based on the foregoing, petitioner's petition pursuant to 28 U.S.C. § 2254 is **DENIED** and the petition is dismissed with prejudice. The Court certifies that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED**.

Dated: October 6, 2014
      Central Islip, New York

s/ Sandra J. Feuerstein

_____

Sandra J. Feuerstein, U.S.D.J.
